J. J. & V. Constr. Corp. *v.* Commissioner of Pub. Works of Fall River.

J. J. & V. Construction Corp. *vs.* Commissioner of
Public Works of Fall River & another.[1]

Bristol.   May 11, 1977. — June 2, 1977.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Public Works,* Bidding for contract.   *Contract,* Public works.   *Munici-
pal Corporations,* Contract.

Failure of the lowest eligible bidder on a public construction project to
submit a certification regarding equal employment opportunity with
his bid as required by the invitation for bids was an informality
which the awarding authority could lawfully waive where it ap-
peared that no State or Federal law or regulation required that the
certification be filed with the bids and where the bidder filed its
certificate prior to the awarding of the contract. [391-392]

CIVIL ACTION commenced in the Superior Court on No-
vember 10, 1975.

The case was heard by *Taveira,* J.

*Jeffrey S. Entin* for the plaintiff.

*Brian Robert Corey,* Assistant Corporation Counsel, for
the defendants.

HALE, C.J.   In this action the plaintiff seeks a judg-
ment declaring that it was the lowest responsible and
eligible bidder on a sewer construction project undertaken
by the city of Fall River (city). The plaintiff has appealed
from a judgment adverse to it. There was no error.

The facts are not in dispute. The city invited sealed
bids in connection with the "South End Sewer R" project.
The invitation for bids provided that a "Certification of
Bidder Regarding Equal Employment Opportunity" must
accompany all bids. It also provided, "the owner may con-
sider normal any bid not prepared and submitted in ac-

---

[1] The city of Fall River.

cordance with the provisions hereof and may waive any informalities . . .." Part III, § 301 of Exec. Order No. 11246, 3 C.F.R. 174 (Supp. 1965), reprinted in 42 U.S.C. § 2000e app., at 10296 (1970), required as a condition for approval of an application for a grant for Federal assistance for a public works project that the applicant agree to include the above mentioned certification in the construction contract. The present contract was to be paid for, in part, by such funds.

When the bids filed pursuant to the invitation were opened it appeared that the plaintiff was the third lowest bidder. The two lower bidders had not submitted the required certification with their bids. The city, however, permitted the lowest bidder to file its certificate prior to the awarding of the contract. That having been done, the contract was awarded to the lowest bidder.

As no question has been raised with respect to the qualifications of any of the bidders or that any of them was other than responsible, the only issue for our determination is whether the failure to submit the required certification with the bids rendered the two lowest bidders ineligible and thus disqualified their bids from consideration.

We agree with the judge's conclusion that the failure to file that certification along with the bids was an informality that the city had expressly reserved the right to waive. No State or Federal law or regulation required that the certification be filed with the bids. In fact, there was no State requirement that such a certification be filed at all. The only reference in the executive order with respect to such a certification was that it be included in the contract. That inclusion appears to have been accomplished here.

We are of the opinion that although the bidding procedure in the present case was pursuant to G. L. c. 30, § 39M, rather than G. L. c. 149, §§ 44A-44L, this case is governed by the reasoning and holding in *Gil-Bern Constr. Corp.* v. *Brockton,* 353 Mass. 503, 505-507 (1968).

*Judgment affirmed.*