E. A. BERMAN COMPANY *vs.* CITY OF MARLBOROUGH & another. April 22, 1981. The plaintiff's subbid on the plumbing work for the city's new high school was based upon its hope that no-hub pipe would be approved as an item equal to the more expensive bell and spigot pipe described in the specifications. See G. L. c. 30, § 39M(*b*). The plaintiff

won the contract, and it then sought and obtained from the contractor and the architectural engineers, in accordance with the procedures detailed in the specifications, the approval necessary to install no-hub pipe. Notwithstanding this approval, the city thereafter refused to allow the plaintiff to use no-hub pipe and required the plaintiff to install the more expensive item. The plaintiff brought this action to recover the extra cost that it incurred in so doing, and we affirm the judgment entered in the plaintiff's favor.

1. The city claims that the judgment rewards the plaintiff for conduct which as a matter of law violated the bidding instructions and the spirit and intent of G. L. c. 149, §§ 44A-44L. When the plaintiff's employee was preparing the subbid, he telephoned the project plumbing engineer to do "some casting about to try and determine if 'no-hub' was an equal item to 'bell and spigot' within the terms" of G. L. c. 30, § 39M(b). The substance of this conversation is unknown because the city objected to the employee's recitation of it and the plumbing engineer did not testify. Even assuming, however, that the conversation involved the plumbing engineer's opinion as to the qualities of the two types of pipe, it does not follow that the plaintiff acted wrongfully. The documentary evidence, when viewed with § 39M(*b*), shows that: (a) it was clear from the bidding instructions and specifications that neither the city nor the architect, nor the architectural engineer could be bound by the opinion of the plumbing engineer; (b) by preparing its subbid on the basis of anticipated approval of no-hub pipe as an equal item, the plaintiff elected to run the risk of disapproval and, thus, of bearing the sole burden of the extra cost of installing the more expensive item as described in the specifications; and (c) all the subbidders were free to bid on the same basis, propose equal items, and run the risk comparable to that of the plaintiff, and in fact, they may well have done so. See and compare *Jack Stone Co.* v. *United States*, 344 F.2d 370 (Ct. Cl. 1965). This evidence provides a sound basis for the finding that the conversation did not give the plaintiff a foot up "in the competition to gain the contract." *Interstate Engr. Corp.* v. *Fitchburg*, 367 Mass. 751, 758 (1975). *Commonwealth* v. *Gill*, 5 Mass. App. Ct. 337, 342-343 (1977).

Moreover, even had the master adopted the city's characterization of the testimony of the plaintiff's employee as an admission of a bidding advantage, he would not have been precluded thereby from relying on the documentary evidence, as he did, to conclude that the plaintiff had not acted wrongfully or to the disadvantage of other subbidders. See *Murphy* v. *Smith*, 307 Mass. 64, 68 (1940); *Brown* v. *Metropolitan Transit Authy.*, 345 Mass. 636, 638-639 (1963); *Green* v. *Richmond*, 369 Mass. 47, 51 (1975).

2. The plaintiff was not restricted to various work records it may have possessed as evidence in proving its damages, the extra cost. The city's reliance on *Sylvania Elec. Prod., Inc.* v. *Flanagan*, 352 F.2d 1005 (1st Cir.

1965), is misplaced. There the contractor's work records were required because without them the selected method of proving damages constituted a flagrant violation of the best evidence rule. Here the plaintiff proved its damages through evidence of computations made by an experienced and qualified plumbing work estimator who used, in the language of the trade, the "take off" method. This evidence established the amount of the damages with substantial certainty. Compare *Hetherington & Sons* v. *William Firth Co.*, 210 Mass. 8, 21-22 (1911), and *White Spot Constr. Corp.* v. *Jet Spray Cooler, Inc.*, 344 Mass. 632, 635-636 (1962).

*Judgment affirmed.*

*Thomas F. Maffei* for the city of Marlborough.
*Sally A. Corwin* for the plaintiff.