Welch, J.
The plaintiff, Middlesex Corporation, seeks to preliminarily enjoin the MBTA’s issuance of a railroad track construction contract for the Old Colony Railroad Project. On or about December 15, 1994, the MBTA decided to award the construction contract to Modern Continental due to the fact that Modern Continental’s bid was considerably lower (by approximately six million dollars) than any other bid. The second lowest bidder, the plaintiff in this case Middlesex Corporation, seeks to enjoin the issuance of that contract. After hearing and review of the extensive affidavits and materials submitted by the parties, the court denies the issuance of a preliminary injunction.
Despite its numerous allegations, the plaintiff Middlesex Corporation has not made out a sufficient showing of probability of success upon the merits to justify the issuance of a preliminary injunction. Middlesex seems to have abandoned certain of its allegations (for example its allegations regarding violations of the “Buy America” act). In any event, such allegations do not appear to have any basis in law. See 41 U.S.C. §10e. Certain other violations identified by plaintiff Middlesex are, at best, technical violations of the contract that could be waived by the MBTA. For example, Middlesex complains that an erroneous affidavit was submitted in connection with the disadvantaged business entity’s submission. The affidavit simply contained the wrong name of the entity (actually specifying a related subsidiary of the entity). This is the type of technicality that can be waived. See J.J.&JE. Construction Corp. v. Comm’n, 5 Mass.App.Ct. 391, 392 (1977). In addition, Middlesex complains about Modern Continental’s alleged failure to certify a dumping facility for hazardous waste. This allegation is hardly substantial in that there is no explicit requirement that the hazardous waste disposal facility be specified. Instead a general “dumping facility” must be specified and Modern Continental did so specify that location. It is interesting to note that Modern Continental was much more specific in specifying a dumping facility than was Middlesex Corporation in its competing bid application.
The only significant issue raised by Middlesex is its allegation that Modern Continental engaged in “penny bidding” in connection with this contract bid. It is conceded by the MBTA and Modern Continental that the Modern Continental bid did indeed reflect penny bidding. In its bid quotation Modern Continental bid a penny on various individual items relating to the excavation and removal of soil and waste material. Modern Continental admits that the cost for these items was actually carried in its bid on the “new track construction” item. Modern Continental explains that it is difficult to estimate the costs for certain of the excavation and removal work since it is closely related to the new track construction. Modern Continental and the MBTA also note that the new track construction is bid on a unit basis (by linear track feet) and, therefore, is a finite and known quantity which is subject to the supervision of the MBTA and is not a “unbalanced or artificially inflated” bid. As the Massachusetts Appeals Court stated in Department of Labor v. Boston Water and Sewer Comm’n, 18 Mass.App.Ct. 621, 626-27 (1984), penny bidding is legal in various contexts as long as an unbalanced or artificially inflated bid does not result.
This court need not decide the legality of Modern Continental’s penny bidding in this contract bid in the context of deciding this motion. It is sufficient to determine that it is unlikely that the sins of penny bidding exist, such as an “artificially inflated” or “unbalanced” bid. In this regard, the MBTA already had challenged, prior to this lawsuit, Modern Continental’s penny bid and had an independent outside consultant analyze the overall bid. The MBTA and the independent consultant determined that the bid was not unbalanced or artificially inflated and, therefore, made the award. Given the reasons for the penny bidding and the ability of the MBTA to supervise this type of finite item, the plaintiff has not established a substantial likelihood that the penny bidding was illegal.
Finally, it is apparent that penny bidding is not an uncommon practice in such construction bids. Indeed, the plaintiff Middlesex Corporation engaged in its own penny bidding in the bid it submitted to the MBTA. In this situation, the doctrine of “unclean hands” appears to bar the plaintiffs request for the court to exercise its equity powers.
In short, Middlesex Corporation has not made out a sufficient showing of probability of success upon the merits.
*370 Even assuming a probability of success, this court still would deny this motion. The plaintiff, Middlesex Corporation does make a sufficient showing of irreparable harm in that its remedy at law only permits the recovery of the reasonable costs of the preparation of its bid and “falls far short of being the equivalent of the potential to win the contract.” Modern Continental Construction Co. v. Lowell, 391 Mass. 829, 837 (1984). Nevertheless, the plaintiffs irreparable harm must be balanced against the public harm that may result in the granting of this proposed preliminary injunction (assuming a sufficient showing of probability of success upon the merits). See Packing Industries Group Inc. v. Cheney, 380 Mass. 609 (1980); Commonwealth v. Mass. CRINC, 392 Mass. 78 (1984). As set forth in the affidavit of Howard M. Haywood, the granting of this preliminary injunction would significantly effect the timing and completion of the overall Old Colony restoration project. The contract at issue here relates to a critical “link” in that project. Delay in permitting this contract of work to go forward would have a significant negative impact on the time schedule of the completion of this important public project. Therefore, even assuming that the plaintiff could make a sufficient showing of probability of success upon the merits, the granting of a preliminary injunction in this case appears to be an unwise use of the court’s equity powers.
Therefore, the plaintiffs motion for preliminary injunction is DENIED.