Haggerty, J.
This matter is before the Court on the plaintiffs motion for a preliminary injunction enjoining the Town of Kingston from awarding a general contract for the construction of a waste water treatment facility to any bidder other than the plaintiff.
For the reasons discussed below, the application is DENIED.
Facts
The defendant Town of Kingston solicited bids for the construction of a waste water treatment facility. Defendant Hart Engineering Corporation (“Hart”) submitted a general bid with a price amount of $9,762,900.00. Plaintiff Charwill Construction, Inc. (“Charwill”) submitted a general bid with a price amount of $9,788,866.00. Project bidding specification 8.10 provides:
The bidder is required to identify in its bid the suppliers of the SBR, effluent filter, and UV disinfection equipment that the bidder intends to use. The bidder by identifying the supplier . . . represents and warrants that it is the equipment that the bidder will use and no substitutions or deviations will be permitted. The OWNER will rely upon the bidder’s representation in its bid as to the suppliers ... to be used.
The drawings included as part of the contract documents depict Aqua-Aerobics as the supplier of the SBR and effluent Alter equipment. The specifications further provide that if the bidder chooses alternate suppliers, the bidder must prepare revised layouts and redesign of equipment areas.
Hart designated Advanced Fluid Systems as its SBR system supplier, rather than Aqua-Aerobics Systems, Inc. Kingston rejected Advanced Fluid Systems as the SBR supplier. Kingston granted Hart an opportunity to substitute an alternative SBR supplier.
The plaintiff filed this suit seeking declaratory and injunctive relief. The plaintiff asserts that bidding specification 8.10 expressly prohibits the substitution of suppliers originally designated in a bid. The plaintiff alleges that the action of Kingston in allowing the substitution violated its obligation of fair competition for bidders in violation of G.L.c. 149, §§44A-H and that, consequently, plaintiff is entitled to an award of the contract as the next lowest bidder.
Discussion
The granting or denying of an application for a preliminary injunction “generally rests within the sound discretion of the judge . . . , after a combined evaluation of the moving party’s likelihood of success on the merits, its claim of injury, and finally, a balancing of the competing harms to each party.” Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 615 (1980). “In appropriate cases the court must also consider the risk of harm to the public interest.” GTE Products Corp. v. Stewart, 414 Mass. 721, 723 (1993).
The plaintiff claims that it is likely to succeed in demonstrating that the action of the defendant Town of Kingston violated defendant’s obligation of fair bidding pursuant to G.L.c. 149, §§44A-H. If a bid violates a statutory requirement in matters of substance the bid must be rejected by the awarding authority. Gil-Bern Constr. Corp. v. Brockton, 353 Mass. 503, 505-06 (1968). In such circumstances, the awarding authority lacks discretion in the matter and must reject the bid. Phipps Prods. Corp. v. Massachusetts Bay Transp. Authy., 387 Mass. 687, 692(1982). On the other hand, where the deviation is not from a statutory requisite but rather from a requirement imposed by the authority, the awarding authority has the discretion to accept or reject the bid. J.J.&V. Constr. Corp. v. Commissioner of Pub. Works of Fall River, 5 Mass.App.Ct. 391 (1977); Peabody Constr. Co. v. Boston, 28 Mass.App.Ct. 100, 104 (1989). The discretion exercised by the awarding authority must be in accord with the two fundamental objectives of the bidding laws: (1) to obtain the lowest price for public work that competition can secure, and (2) to establish an honest and open procedure for public contract competition so that all bidders are on an “equal footing” in the competition to gain the *707 contract award. Interstate Engineering Corp. v. City of Fitchburg, 367 Mass. 751, 757-58 (1975). Equal footing among bidders is preserved as long as bidders have “the opportunity to bid in the same way, on the same information, and to bear the same risk of rejection.” Department of Labor and Industries v. Boston Water and Sewer, 18 Mass.App.Ct. 621, 626 (1984).
The plaintiff has failed to demonstrate a likelihood of success on the merits. The plaintiff has challenged the interpretation of the bidding instructions. Specifically, the plaintiff has asked this Court to declare whether, pursuant to the Project bidding specification 8.10, a bidder could substitute a supplier after the bidder had already designated a supplier which Kingston rejected. Thus, the alleged deficiency in the defendants’ actions involves a non-statutory requirement. Kingston has the discretion to accept Hart’s bid provided that such acceptance would not disturb the “equal footing” of the parties. Plaintiff had the same opportunity as that exercised by defendant Hart to designate a supplier other than Aqua-Aerobics. Presumably, had plaintiff exercised this option, Kingston could have granted plaintiff a similar opportunity to substitute the originally designated supplier in the event of a rejection. Kingston’s actions do not disturb the equal footing of the parties, and therefore Kingston properly exercised its discretion to accept Hart’s bid despite the rejection of the supplier Hart originally designated.
Further, plaintiff has failed to specify the irreparable harm it would suffer if the injunctive relief were denied. Plaintiff merely states that it is entitled to an award of the contract and that it incurred substantial costs in preparing the bid. In the absence of bad faith, a bidder wrongfully deprived of a contract may recover only his bid preparation costs. Paul Sardella Constr. Co. v. Braintree Housing Authy., 3 Mass.App.Ct. 326, 333-35 (1975). However, if a bidder has complied with bidding requirements and is deprived of the contract due to bad faith on the part of the awarding authority, the measure of damages is lost profits. Peabody Constr. Co. v. Boston, 28 Mass.App.Ct. 100, 106 (1989). Thus, there is an adequate remedy at law.
Finally, the Court notes that it is not in the public interest to issue an injunction where plaintiff can show neither a threat of irreparable harm nor a likelihood of success on the merits. Issuing the injunction will result in additional delays and expense and will deprive the residents of Kingston of a much needed waste water treatment facilify.
ORDER
For the foregoing reasons, the plaintiff s motion for a preliminary injunction is DENIED.