**JOHN IRVING SHOE CO., Inc., v. DUGAN.**

**No. 3256.**

Circuit Court of Appeals, First Circuit.

Dec. 8, 1937.

J. C. Johnston, of Boston, Mass. (Maurice Wolf, of Boston, Mass., on the brief), for appellant.

Samuel Rosenberg, of ·Boston, Mass. (Sidney S. Grant, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is an action to recover the balance alleged to be due on a construction contract. The plaintiff sues as assignee of the contractor who did the work, the George A. Dugan Company which we shall refer to as the plaintiff. There was a verdict for the plaintiff, and the defendant has appealed. Various assignments of error are made, the most important of them being that the defendant was entitled to a directed verdict.

There was evidence from which the following facts might have been found: The plaintiff is a contractor, specializing in rebuilding and refitting stores and store fronts. The defendant is engaged in the retail shoe business with a chain of stores at various points. The parties entered into an oral contract for certain work to be done by the plaintiff on the defendant's store in Baltimore, Md. The work was to be done at cost to the plaintiff, plus a certain percentage as profit or commissions. It was duly completed, the present dispute relates only to the payment for it. The defendant's answer was a general denial, and it also alleged payment, settlement as of a 'disputed claim and a written discharge of the claim, and an accord and satisfaction. On very conflicting evidence the jury found against the defendant on the issues of payment, settlement and written discharge, and accord and satisfaction. These issues were plainly for the jury to determine; and the verdict not having been set aside must be accepted.

It devolved upon the plaintiff to establish the cost of the work to it and the amount of the commissions to which it was entitled.. An itemized bill sent to the defendant by the plaintiff was admitted in evidence; it contained over 400 items of labor and materials and credits. The court ruled that of itself the bill did not constitute evidence that the labor and materials stated therein had been furnished. The plaintiff's former bookkeeper testified that she made up the bill from work sheets,

but no such sheets were put in evidence or offered for inspection. The plaintiff's ledger was offered for inspection, but showed only totals, not the separate items, and was excluded. There was no evidence that the books and papers of original entry had been lost or destroyed or were unavailable; nor was there any evidence that the various items of labor and materials listed on the bill had been actually furnished, or represented actual disbursements, or were fair and reasonable charges for the labor and materials.

The itemized bill was not admissible under the Act of June 20, 1936, § 1, 28 U.S.C.A. § 695, which provides that business records to be admissible must (1) be made in the regular course of business, and (2) it must have been the regular course of such business to make such record at the time of the transaction noted. If it be assumed, which we do not intimate, that office copies of admissible business records which have been lost or destroyed or are inaccessible are admissible under the statute, no foundation was laid for admitting the bill as evidence of the facts stated on that ground. We think that the bill, whether regarded as an original instrument, or as a copy, furnished no evidence warranting a verdict for the plaintiff.

The only other evidence in support of the plaintiff's claim was that furnished by the testimony of Mr. Dugan. He testified in detail as to the making of the contract, the submission of drawings and sketches, and the progress and completion of the work, as to which there is now no question. He nowhere stated that his company furnished the labor and materials listed in the bill, nor that the prices charged represented actual costs or were fair and reasonable. He further testified that in July, 1930, after the full completion of the work, he received an intimation from the defendant by letter that there was disagreement about the cost of the job. Various letters between the parties relating to this disagreement as to cost were put in evidence. On September 25 Mr. Dugan met Mr. Levy in Hartford and they discussed the matter. Mr. Dugan said on direct examination "that Mr. Levy told him he (Levy) had been criticized quite severely by his associates who had been helping him out with the financing for the amount that the job had come to; that Mr. Levy asked him to play ball with him and to take $2,700 note and to wait for the balance, as Mr. Levy said that he was going to have a lot more work as soon as he got out of this financial embarrassment; that Mr. Levy told him that he would be paid every cent and they shook hands on it as a gentlemen's agreement." On cross-examination he testified "that he (Levy) made an agreement that the amount of the balance should be taken care of on future jobs; that the amount of the balance was to be assimilated in other contracts that were to follow; that the defendant agreed that the plaintiff might increase the cost of other jobs in order to take up the balance alleged to be due upon this job; that the plaintiff's assignor was to get the balance alleged to be due on the Baltimore job out of other jobs; that there was no doubt that the foregoing is a correct statement of the agreement." The account of the interview given by the defendant's witness was very different, but for present purposes it is unnecessary to consider it.

This constitutes the entire evidence in support of the allegation that the work and materials were furnished as billed. The question is whether it is sufficient to support a verdict for the plaintiff.

The trial judge instructed the jury, "The defendant thinks that he hasn't proved those allegations (of furnishing work and materials). If he hasn't, he is not entitled to a verdict because the burden rests upon him to satisfy you, by a fair preponderance of the evidence, that the amount is the correct amount. We have had very little evidence on that point I will agree, and yet we have the bill rendered, which, standing alone would not be adequate evidence, but taken in conjunction with the testimony of the bookkeeper and the testimony of the plaintiff, it may be that you gentlemen will feel satisfied that the work cost that amount." As has been said, the testimony of the bookkeeper added nothing. The trial judge fell into error in submitting the bill to the jury as evidence on this point. If the other evidence that the labor and materials were furnished at proper prices had been clear and satisfactory, it might well be held that the error referred to did not affect the result and would not be ground for a new trial. But the case was not of that character. On the plaintiff's evidence the defendant appears in substance to have disagreed on the ground that the bill was too large and exceeded the agreed price. The items were not discussed; the defendant does not appear to

714

have had any information about them. Mr. Dugan testified, as above stated, that the defendant's representative promised him that the bill would be paid in full, but this was denied by the defendant and there was no claim of an account stated and agreed to. The defendant appears to have relied strongly during the trial on the defenses on which the jury found against it, but this defense was also insisted on. It was explicitly covered by the fifth request for rulings which was refused by the trial judge, who said, "I deny number five. That wouldn't hold in view of the testimony of the bookkeeper." An exception was taken to the refusal of this request.

In this situation we think the submission of the bill to the jury as evidence of the facts stated in it cannot be held to have been harmless error. The verdict must be set aside and there must be a new trial.

The judgment of the District Court is vacated, the verdict is set aside, and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellant recovers costs of appeal.