**RASH v. PEOPLES DEPOSIT BANK & TRUST CO. et al.**

**No. 11317.**

United States Court of Appeals
Sixth Circuit.

Nov. 9, 1951.

J. A. Edge and Lena M. Craig, Lexington, Ky. (Lena M. Craig and J. A. Edge, Lexington, Ky., on the brief), for appellant.

John L. Davis, Lexington, Ky. (William T. Baldwin and Raymond Connell, Paris, Ky., on the brief), for appellee.

Before SIMONS, ALLEN and MILLER, Circuit Judges.

SIMONS, Circuit Judge.

The appellant sought specific performance of a lost contract claimed to have been executed by her and one Clarence Jones Wright in May, 1926, by the terms of which she claims he agreed, in consideration of services to be rendered by her until his death, to give her by will or otherwise his entire estate. The District Judge concluded that under the tests applicable generally, and in Kentucky, the appellant had failed to establish by evidence of the clearest, most conclusive, and satisfactory nature, the existence, content, or loss of the contract upon which she relied and that her claim must, therefore, be denied. This appeal followed.

■ Error in the proceedings below was alleged to result from the failure of the court to grant the appellant a jury trial, failure to permit her to testify to statements of the deceased in respect to the execution of the alleged contract and failure of the evidence to sustain the findings and judgment of the court: We find no occasion to consider an allegation that the contract, if made, contravenes no principle of law, equity, or public policy, since the decision is based primarily upon failure to prove the contract, nor alleged error in denying a motion for a new trial, since that is reviewable only for an abuse of discretion,—and no such abuse is perceived.

■ The basic relief sought was the specific performance of a contract. As a corollary thereto, the appellant also sought a decree setting aside a prior will made by Wright, a declaration of its invalidity and that it be expunged from the records of the Bourbon County Court. These remedies are so clearly equitable, calling for judgment of the Chancellor, upon assumed or established facts, that we find no error in denying the appellant a trial by jury.

■■ The rule in Kentucky as to the inadmissibility of conversations between a deceased person and a litigant seeking to establish a claim upon them is identical with that recognized in almost all jurisdictions. Inadmissibility may, however, be waived by the defendant either by interrogation at the trial or in depositions which inquire into statements of the deceased. Such waiver is asserted by the appellant because of interrogatories propounded by Wright's executor to the appellant, in seeking clarification of pleadings under Rule 26, Federal Rules of Civil Procedure, 28 U.S. C.A. These interrogatories were also propounded for the purpose of discovery and the appellant's answers to them were never introduced in evidence. They sought to elicit from the appellant the place and time of the agreement, places and times when such agreement was later alleged to have been confirmed by the decedent but there was no inquiry as to conversations that occurred at such times and places. They do not constitute a waiver either under the Kentucky cases cited by the appellant, or relied upon by the court, nor are they within the rationalization in Mutual Life Insurance Company v. Green, 37 F.Supp. 949 undertaken by Judge Miller of this court when sitting as a district judge in the Western District of Kentucky.

■ The contention that the evidence does not support the findings or the judgment of the court below must be rejected. It is true that otherwise credible evidence, unimpeached, may not be disregarded by the trier of facts. This we have often asserted. It is also true, however, that where evidence is contradictory on the part of witnesses for the same party, where assumed recollection of specific facts after the lapse of years taxes the credulity of a court or is shaken by what we have called "destructive analysis", it fails to meet the test required to establish a lost agreement. Such analysis was here made and our examination of the record fails to indicate that the court's findings, after seeing and hearing the more important witnesses, were clearly erroneous. It is needless to review all of the court's reasoning. It is fully set forth in its opinion—Rash v. Peoples Deposit Bank and Trust Company, D.C., 91 F.Supp. 825. It is sufficient to point to some of the more glaring improbabilities in the appellant's story. When asked to make her complaint more definite and certain, she rested upon an oral contract. After the defendants, by amended answer, pleaded the Kentucky Statute of

Frauds and several months after a pre-trial conference and the assignment of the case for trial, she first asserted that the contract was in writing and had been lost. Although the contract was alleged to have been lost in 1940, it does not appear that she advised Wright of the loss or asked him for a new contract in the seven years that followed before his death. She was in complete possession of the Wright farm for three weeks after his decease but there is no record of any search by her for Wright's copy of the contract. She turned the property over to the executor without making any claim of interest in it and filed no claim against the estate in the probate proceedings. While we draw no sinister inferences from letters written by the appellant to Wright at a time when she had ostensibly left the Wright farm, it is of importance that these letters made no claim of any contractual obligation by Wright.

Judgment affirmed.