**SYLVANIA ELECTRIC PRODUCTS, INC., Defendant, Appellant,**

v.

**Paul L. FLANAGAN, d/b/a Paul L. Flanagan and Sons, Plaintiff, Appellee.**

**No. 6562.**

United States Court of Appeals First Circuit.

Nov. 22, 1965.

George T. Finnegan, Boston, Mass., with whom Ropes & Gray, Boston, Mass., was on brief, for appellant.

Harold Brown, Boston, Mass., for appellee.

Before ALDRICH, Chief Judge, McENTEE, Circuit Judge, and CAFFREY, District Judge.

McENTEE, Circuit Judge.

Plaintiff, Paul L. Flanagan, d/b/a Paul L. Flanagan and Sons, is a trucker and hauler of sand, gravel, stone and other similar materials. In the spring of 1963, defendant, Sylvania Electric

Products, Inc., engaged a general contractor to construct a parking lot for it at its plant in Needham, Massachusetts. There was a hill or ledge on this site which had to be removed at the beginning of the job. Although the general contractor was obliged to level off the hill, he was not required under his contract to truck the ledge material away. Plaintiff alleges that on May 27, 1963, which is the date the parking lot job was commenced, the defendant made an oral agreement with him whereby he agreed to supply the trucks and haul this ledge material away and the defendant agreed to pay him for this work at the rate of $13 per hour per truck. Plaintiff proceeded immediately with the hauling operation which extended over two periods: May 27 to June 10, 1963 and June 17 to July 1, 1963. In the performance of this work he used his own trucks and trucks rented from others, as was his practice on jobs of this size. Plaintiff claimed that the entire job took a total of 1932½ truck hours work for which he billed defendant at the rate of $13 an hour. This amount, plus an item of $145 for bulldozer hire, which was not disputed, came to $25,-267.50. Defendant refused to pay this bill. Whereupon plaintiff brought suit in the Massachusetts Superior Court for breach of contract. The case was removed to the United States District Court for the District of Massachusetts on the ground of diversity. The jury found for the plaintiff in the full amount of his claim. This is an appeal by the defendant from the judgment entered by the district court based on the jury verdict. Defendant's principal ground of appeal is that the district court erred in admitting certain evidence in violation of the best evidence rule; that this evidence should have been excluded and a verdict should have been directed for the defendant.

Plaintiff offered the following evidence in support of his claim, all of which he alleged is based on daily truck hour slips on tally sheets made at the site of the job which recorded the number of trucks on the job and the number of hours worked by each truck: (1) Exhibit A in the declaration filed in this case, which he says is a summary of the data contained in the invoices and the tally sheets. (2) A number of photostatic copies of bills and invoices sent to plaintiff by other truckers for the rental of their trucks on this job. (3) Copies of two bills sent by plaintiff to defendant, one in the amount of $12,521 for work done during the first period and the other reflecting the total amount of $25,267.50 due for both periods. The contents of these two bills is identical with the claim set forth in Schedule A of the plaintiff's declaration (supra).

Plaintiff testified that the data contained in the above exhibits is the same as that contained in the tally sheets. In the course of the trial when plaintiff was asked whether the information contained in these exhibits was the same as that contained in the tally sheets, defendant objected on the ground that this was secondary evidence and thus was barred by the best evidence rule. At this point, the trial court inquired as to whether the plaintiff had those tally sheets, to which he replied that he knew he had some at home but was not sure whether he had them all. The court then suggested that he bring in those that he had. Later in the course of the trial this line of inquiry was resumed by plaintiff's counsel and again defendant objected. The court allowed plaintiff's testimony that the information contained in the invoices "checked out" with that contained in the tally sheets. The defendant adequately objected. None of the tally sheets were ever produced at the trial.

It is well settled that the best evidence that is obtainable in the circumstances of the case must be adduced to prove any disputed fact. United States v. Alexander, 326 F.2d 736 (4th Cir. 1964). Here, the plaintiff's claim is based on performance of the work. The best evidence of his performance is the truck hour records (tally sheets). Those records were made for the very purpose of recording this performance. Instead of producing these records plaintiff offered

the secondary evidence of their content enumerated above. In proving the terms of a writing, which terms are material to the issues in the case, the original writing must be produced unless it is shown to be unavailable for some reason other than the serious fault of the proponent. McCormick, Evidence § 196 (1954). Upon a proper showing of the unavailability of the original writing, secondary evidence of its contents may be received. However, secondary evidence of the content of the original is not admissible unless the proponent of the testimony shows that a reasonable and diligent search has been made for the original without success. See Simpson & Co. v. Dall, 3 Wall. 460, 70 U.S. 460, 475, 18 L.Ed. 265 (1865); Toho Bussan Kaisha, Ltd. v. American Pres. Lines, Ltd., 265 F.2d 418, 423, (2d Cir. 1959). See also Fauci v. Mulready, 337 Mass. 532, 540, 150 N.E. 2d 286 (1958).

■■■ From a careful examination of the evidence in this case we feel there is not sufficient proof that the original tally sheets in question were in fact unavailable or that a reasonable search had been made to find them. Although plaintiff stated that it was not his practice to keep these tally sheets after checking them with the truckers' invoices, he did testify on several occasions that he knew he had some of them at home and that he would bring into court what he had. This he did not do. It is also apparent from the evidence that plaintiff had tally sheets in his possession when he conferred with officials of the defendant in June 1963, at which time he knew there was a dispute concerning the work and payment for it. Although plaintiff stated in open court that he would make a search for the tally sheets there is little if any evidence that he in fact made such a search and there is no evidence at all as to the extent of any such search. There is no universal or fixed rule that determines the sufficiency of the proof required to show that a reasonable or diligent search has been made. Each case is governed in large measure by its own particular facts and circumstances. He

who seeks to introduce secondary evidence must show that he has used all reasonable means to obtain the original, i. e., such search as the nature of the case would suggest. Simpson & Co. v. Dall, supra, 3 Wall. 460, 70 U.S. at 475; Rash v. Peoples Deposit Bank & Trust Co., 91 F.Supp. 825, 827 (D.C.E.D.Ky.), affirmed 192 F.2d 470 (6 Cir., 1950). The best evidence rule should not be applied as a mere technicality. But where the missing original writings in dispute are the very foundation of the claim, which is the situation in this case, more strictness in proof is required than where the writings are only involved collaterally. See 32A C.J.S. Evidence § 842 and cases cited thereunder. Plaintiff failed to satisfy this requirement.

■■■ Moreover, under the best evidence rule, in order to permit proof by secondary evidence of the allegedly lost or otherwise unavailable original writing, the trial judge must make preliminary findings that the original had become unavailable, otherwise than through the fault of the proponent of the testimony and that reasonable search had been made for it. Fauci v. Mulready, supra, 337 Mass. at 540, 150 N.E.2d 286. The record in this case does not reveal that the trial court made these necessary preliminary findings.

In a similar case decided by this court it was held that an itemized bill sent to defendant was inadmissible in evidence where the bill was made from work sheets which were not produced at the trial and where there was no evidence that these original work sheets were lost or unavailable. John Irving Shoe Co. v. Dugan, 93 F.2d 711 (1st Cir. 1937).

■■■ Ordinarily prejudicial error with respect to damages should require that the new trial be on damages only. However, in this case the whole case depended largely upon plaintiff's credibility. The record was left in such condition that he was never called upon to explain the absence of his records, his search, if any, therefor, or why, when he knew from the beginning that there was a dispute, he had not preserved them, if, in

fact, he had not. Actually, plaintiff has never denied that the records no longer exist. In view of the fact that examination of the records might well corroborate the defendant's account, rather than plaintiff's, as to other issues between the parties, we believe that justice would be best served by ordering an entirely new trial.

We find it unnecessary to decide any other questions raised in the case.

The judgment of the district court will be vacated, the verdict set aside and the case remanded for a new trial consistent with this opinion.