**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Alfred Wayne KING,
Defendant-Appellant.**

**No. 38034.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 4, 1977.

Cofman, Townsley, Nissenholtz & Weinstein, Stuart A. Cofman, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Presiding Judge.

Defendant appeals from a judgment of conviction entered by the circuit court of the City of St. Louis finding him guilty of kidnapping for ransom in violation of

§ 559.230, RSMo 1969. The court sentenced defendant to twenty-five (25) years in the Department of Corrections. For reversal the defendant urges that admission of the transcript of the tape-recorded statement by him to police officers, after his arrest, in which he allegedly admitted to masterminding the kidnapping, violated the best evidence rule. We find no merit in this claim of error and accordingly, affirm.

On June 19, 1975, two men who purported to be delivering packages, abducted Mrs. Henrietta Helein from her home. Prior to the abduction the men pulled a gun; tied up Mildred Harold, Mrs. Helein's sister, and forced Mrs. Helein to get into the large cardboard box which they had brought. They carried the box to their rented U-Haul van, which was parked outside. As they were leaving, both Mrs. Helein's sister and her elderly mother, who was also in the Helein residence during the abduction, looked out the window and got the license number of the van. After about a half hour of driving, someone made a slash in the side of the box and removed the box from the van. Mrs. Helein eventually freed herself.

In the meantime, Mrs. Helein's husband had been contacted at the bank where he was president, and told that his wife had been abducted and that he must pay $300,-000 to get her back. Before Mr. Helein could comply, he was notified by police that his wife was free.

By tracing the license number of the U-Haul van, the police learned that it was rented by Alfred Wayne King and that at the time King rented it, he was driving a Grand Prix. Seven days later the Kentucky State Patrol arrested defendant because he was driving a Grand Prix fitting the description obtained by the St. Louis police. Two St. Louis police officers traveled to Hopkinsville, Kentucky, to bring defendant to St. Louis, arriving there on Saturday evening, June 21, 1975. On Sunday, June 22, 1975, they saw the defendant twice and on Monday, the defendant admitted to masterminding the kidnapping scheme. The admission and discussion of the crime was tape recorded by the officers.

Before trial the defendant moved to suppress any statements, written or recorded, which the state intended to use in evidence against him. As grounds for the suppression of his statement, defendant alleged that the taped statement was not voluntary, was made without the defendant first being advised of his constitutional rights and that such a statement was the result of an unlawful arrest. The court overruled the motion to suppress, finding that the statement was voluntary and that defendant was not denied his constitutional rights.

At trial, one of the St. Louis police officers, who went to Kentucky and who participated in questioning the defendant about the kidnapping, was asked by the prosecutor to read to the jury the transcript of the taped confession. At this point the defense attorney objected to the admission of the transcript on the grounds that (1) the taped recording was an involuntary confession and thus the transcription of the conversation was tainted, and (2) that the transcript was not the best evidence. Because the trial court has already ruled on the first objection and because this point was not raised on appeal, we address only the objection that the transcript was not the best evidence.

It is well-recognized that "the best evidence . . . which is within the power of the party to produce . . . must always be produced . . . ." *Padgett v. Brezner,* 359 S.W.2d 416, 422 (Mo. App.1962). This rule applies to sound recordings as well as documents, 4 Wigmore, Evidence, § 1183, p. 423–24 (Chadbourn rev. 1972), and would generally require that a taped confession rather than a transcript of the recording be admitted. A well-recognized exception to the best evidence rule, however, is that secondary evidence may be admitted in lieu of the original if the original is unavailable provided that the original has not been destroyed, lost or become unavailable through the fault of the proponent and the secondary evidence does not appear to be untrustworthy. *United States v. Knohl,* 379 F.2d 427, 441 (CA 2 1967); 4

Wigmore, Evidence, § 1192, p. 436. Therefore, in allowing secondary evidence to be admitted the proponent must prove three things (1) the original is unavailable; (2) for some reason which is *not* the proponent's fault, and (3) the secondary evidence is trustworthy.

We believe the first criterion has been proven. The taped confession was an extensive series of questions and answers about the kidnapping incident supposedly interspersed with references to parole violations and past offenses by the defendant. To avoid the possibility of admitting this prejudicial information, the attorneys presumably agreed that the transcript deleting all such references would be read at the trial. We do not know the extent of the references to prior crimes and how difficult it would be to play the tape, deleting these parts. Nor is it clear that the defense attorney actually agreed to the use of the transcript rather than the tape, or whether he merely discussed it with the prosecutor. Whether or not the original is unavailable, however, so as to allow secondary evidence is within the trial judge's discretion, *L. S. v. L. M. S.,* 538 S.W.2d 753, 755 (Mo.App.1976); *Nibler v. Coltrane,* 275 S.W.2d 270, 274 (Mo. 1955); *Scrivner v. American Car & Foundry,* 330 Mo. 408, 50 S.W.2d 1001, 1008 (Mo. banc 1932) and the trial judge here was in a position to assess the above problems with the tape and any agreements thereto. We shall defer to the lower court's conclusion that the tape was in fact unavailable, because of the incriminating references in the tape and especially because the defendant has not presented any evidence that these references could be effectively deleted from the tape.

As for the second criterion, it is clear that the tape has not become unavailable through the fault of the proponent. The objective of this criterion is to prevent the proponent from taking deliberate affirmative action to destroy the best evidence for the purpose of preventing its production in court. *Sylvania Elec. Products, Inc. v. Flanagan,* 352 F.2d 1005, 1008 (1st Cir. 1965); *Leighty v. Murr,* 194 Mo.App.

156, 186 S.W. 734 (Mo.App.1916); 4 Wigmore, Evidence, § 1198, p. 455–460. This is obviously not the case here for the tape is unavailable only because of the prejudicial information on it, and the precautionary action of using a transcript was taken only to protect the defendant.

Lastly, the proponent of the secondary evidence must demonstrate that it is trustworthy. We agree with the California Supreme Court that a police officer who overhears or is a participant to a conversation may verify the transcript. *People v. Ketchel,* 59 Cal.2d 503, 30 Cal.Rptr. 538, 381 P.2d 394, 400. Officer Baldwin, who participated in the discussion with the defendant about the kidnapping, listened to the tape immediately before testifying and verified that the transcript was accurate. This sufficiently established the truthfulness of the transcript. Thus, the state has met all three criteria necessary to introduce the secondary evidence.

To support his argument that the transcript should not have been admitted the defendant relies on *U.S. v. McMillan,* 508 F.2d 101 (8th Cir.) (1974) *cert. den.* 421 U.S. 916, 95 S.Ct. 1577, 43 L.Ed.2d 782, which cautioned that the use of transcripts should be limited to situations where the tape contains inaudible portions or is necessary to identify the speakers, and that the transcript should not be admitted unless both sides stipulate to their accuracy and agree to their use. The defendant also relies on *Duggan v. State,* 189 So.2d 890 (Florida App.1966), which held that the admission of the transcript was reversible error because it violated the best evidence rule, the rules against undue repetition and improper emphasis, and because it constitutes hearsay. If the facts of these cases were consistent with the case at bar adherence to them would preclude the use of the transcript. These cases, however, involved the situation where *both* the tape and transcript were introduced into evidence. The error complained of was cumulative effect and undue emphasis rather than introduction of the transcript in lieu of the tape, which is the issue here. Thus, the admonitions in these

cases to limit the use of transcripts are inapplicable to this case.

Because the state has adequately demonstrated the propriety of using the transcript, we hold that its use did not violate the best evidence rule and accordingly, affirm.

Judgment affirmed.

STEWART and REINHARD, JJ., concur.