STATE of Missouri, Respondent,

v.

William IVORY, Appellant.

No. 40052.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 27, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 16, 1979.

Application to Transfer Denied
April 10, 1979.

Blair K. Drazic, Asst. Public Defender, 22nd Judicial Circuit, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Appellant William Ivory was convicted of armed bank robbery in violation of 18 U.S.C. §§ 2113(a), (d) and (e) (1970) and was sentenced to thirty years imprisonment by the U. S. District Court for the Eastern District of Missouri. Subsequently, he was tried in state court for the same offense, convicted of robbery in the first degree, in violation of §§ 560.120 and 560.135, RSMo 1969 and sentenced to five years probation, with a suspension of the execution of the sentence for five years. Appellant argues that the latter conviction breaches both the state and federal ban against double jeopardy and, further, that the additional sentence in state court transgresses due process. He does not challenge the fact that he

was guilty of the bank robbery. We affirm.

■ The crux of the appellant's complaint is that his successive prosecution, conviction and sentence in state court was unlawful in light of his prior federal conviction. Though the issue was ruled upon adversely to appellant's position in *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), appellant maintains that the *Bartkus* decision is no longer valid.[1] In support of that contention, he cites Justice Douglas' opinion in *Smith v. United States,* 423 U.S. 1303, 1307, 96 S.Ct. 2, 4, 46 L.Ed.2d 9, 13 (1975):

Double jeopardy might also preclude state prosecution. That kind of objection may, in time, be resolved upon an appropriate motion before state tribunals. I mention the matter because of the Double Jeopardy Clause of the Fifth Amendment was held applicable to the States in *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). *Benton* may cast doubt upon the continuing validity of *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), which found that successive state and federal prosecutions upon substantially similar charges do not violate the Double Jeopardy Clause.

Since the *Smith* decision in 1975, any remaining doubt cast upon the validity of the *Bartkus* decision seems to have been resolved against the appellant. Most recently, in *United States v. Wheeler,* 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978), the Supreme Court reiterated that the state and federal governments of our nation are separate political entities:

\* \* \* State and Federal Governments "deriv[e] power from different sources," each from the organic law that established it. *United States v. Lanza,* 260

---

1. The *Bartkus* decision reaffirmed the well established concept of dual sovereignty:

 Every citizen of the United States is also a citizen of a State or territory. He may be said to owe allegiance to two sovereigns, and may be liable to punishment for an infraction of the laws of either. The same act may be an offense or transgression of the laws of

both. 359 U.S. at 131, 79 S.Ct. at 682, 3 L.Ed.2d at 691, quoting *Moore v. Illinois,* 55 U.S. (14 How.) 13, 20, 14 L.Ed. 306 (1852). *See also: Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); *United States v. Lanza,* 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922).

U.S. 377, 382, 43 S.Ct. 141 [142], 67 L.Ed. 314. Each has the power, inherent in any sovereign, independently to determine what shall be an offense against its authority and to punish such offenses, and in doing so each "is exercising its own sovereignty, not that of the other." * * 435 U.S. at 320, 98 S.Ct. at 1084, 55 L.Ed.2d at 310.

Consequently, no double jeopardy attaches, and the rule in *Bartkus,* always the rule in Missouri, remains effective. *See, State v. Turley,* 518 S.W.2d 207 (Mo.App.1974), cert. denied, 421 U.S. 966, 95 S.Ct. 1956, 44 L.Ed.2d 454 (1975).

 As an extension of this argument, appellant complains that the subsequent state prosecution violated both the state and federal requirements of due process. Relying on the due process ban against criminal law procedures which "shock the conscience," *Rochin v. California,* 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952), appellant argues that the state court's sentence of a 52 to 54 year old man to an additional 5 years probation beyond his 30 year federal sentence is unconstitutional.

Implicit in the acceptance of dual sovereignty is the recognition that state and federal governments have separate and independent interests in enforcing their laws, even when a single illegal act is an infraction against both authorities. Consistent with this notion are the sentences imposed upon the appellant for the single act of bank robbery. It is clear from the transcript that the trial judge thoughtfully considered both the status of appellant and the interest of the state when he determined the appropriate sentence:

I have also read *State v. Turley,* Mo. App., 518 S.W.2d 207, previously cited by the State, which recognizes the principle of dual sovereignty. It is true that in the *Turley* case the defendant had been acquitted in Federal prosecution. In any event, the reason for granting the defendant the minimum sentence with probation is because I feel that the State's interest in this matter has already been satisfied. As I understand it, Mr. Ivory is

either 52, 53 or 54 years old. It would seem to me a 30 year sentence for this act is sufficient punishment and that Mr. Ivory should not receive any additional punishment. It is not a situation where he was acquitted in Federal Court. It is also not a situation in which he was given a minimum sentence in Federal Court. I feel as though it would be cruel and unusual punishment, beyond the circumstances warranted, to sentence him to any more time than 30 years, considering his age, the nature of offense and punishment already imposed.

The trial court's action in sentencing appellant was not improper.

Judgment affirmed.

REINHARD, P. J. and CLEMENS, J., concur.

