**STATE of Missouri, Plaintiff–Respondent,**

v.

**Edward Andre WELTH, Jr., Defendant–Appellant.**

**No. 15082.**

Missouri Court of Appeals, Southern District, Division Two.

Nov. 25, 1987.

Motion for Rehearing or Transfer Denied Dec. 16, 1987.

Gary M. Wilson, Asst. Public Defender, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

The defendant was charged with tampering in the first degree by knowingly and without the consent of the owner possessing a pickup truck. § 569.080.1(2). A jury found him guilty. As a persistent offender he was sentenced to imprisonment for six years. He does not question the sufficiency of the evidence. The following is a sketch of the facts.

On the evening of Friday, August 22, 1986, a Toyota maroon pickup truck with a white camper was parked in front of the apartment of the owner, west of the downtown area in Springfield. When the owner started to work at approximately 4:45 a.m. the pickup was missing. He reported the disappearance to the police. At about 4:35 a.m., the driver of the pickup attempted to elude a deputy sheriff and a highway patrol officer in a high-speed chase on I–44 near St. Robert. The vehicle went out of control and left the highway. The driver escaped on foot. Passenger Karen Miller was apprehended. The pickup contained miscellaneous items, such as T-shirts, cassette tapes, radios, car stereo radios, and equalizer boosters that were not the property of the owner of the pickup.

At about 2:00 p.m. on that Friday the defendant arrived at the apartment of one Brenda Martin. This apartment was about three blocks from the place of residence of the owner of the pickup. The defendant became part of a group that engaged in a drinking party at Martin's apartment. The group included Karen Miller and Della May Cadle. Cadle lived in a separate apartment in the building.

During the evening the defendant left. He returned on foot with items such as speakers and a car stereo. The defendant then left a second time. He returned driving a maroon colored pickup with a white camper. He shortly left with Karen Miller as a passenger. He returned to the home of Brenda Martin at approximately 2:00 a.m. on Sunday August 24, 1986. He then told Martin of a vehicle chase on I–44, the fact that he had escaped, but that Karen Miller had been apprehended.

The defendant's sole point of error is that the trial court erred in permitting Della Cadle to testify the defendant returned to the Martin apartment with "speakers, car stereo, some odds and ends." He contends it appeared the property was stolen and this testimony was inadmissible evidence of another crime. He cites cases such as *State v. Holmes,* 389 S.W.2d 30 (Mo.1965). It is not necessary to discuss all of the reasons this point has no merit. The defendant by cross examination of the highway patrol officer attempted to raise an issue concerning the identity of the driver of the pickup during the chase. "It is also established that although proof of commission of separate crimes is generally not admissible, *such proof is admissible if it 'has some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial....'"* *State v. Wing,* 455 S.W.2d 457, 464 (Mo. 1970), cert. denied, 400 U.S. 1009, 91 S.Ct. 566, 27 L.Ed.2d 621 (1971). The evidence in question tends to prove the defendant's identity as that driver. It was admissible for that purpose. *State v. Thompson,* 723 S.W.2d 76 (Mo.App.1987). The judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ. concur.