STATE of Missouri,
Plaintiff–Respondent,

v.

James Henry STROTHERS,
Defendant–Appellant.

James Henry STROTHERS,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 16059, 16823.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 2, 1990.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Oct. 24, 1990.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Raymond L. Legg, Columbia, for movant-appellant.

PREWITT, Judge.

■ Following jury trial, appellant was convicted of second-degree burglary.[1] He was sentenced as a prior offender to a term of seven years' imprisonment. After his conviction, appellant filed a Rule 29.15 motion, seeking postconviction relief. The motion was denied. Appellant's appeals from the criminal conviction and from the denial of his Rule 29.15 motion have been consolidated. Rule 29.15(*l*). As we rule in

appellant's favor on his point related to the criminal conviction, the appeal from the ruling on the postconviction motion becomes moot and is dismissed.

For his first point, appellant states that the trial court erred in admitting into evidence a transcript containing admissions appellant allegedly made on an audio tape and in thereafter allowing an assistant prosecuting attorney to read to the jury a portion of it. Appellant contends the admission of the transcript was error as there was no evidence to show it was accurate or that the tape was unavailable for a reason not attributable to the state.

■ The "best evidence rule" applies to sound recordings as well as documents and generally requires a taped confession rather than a transcription of it be admitted. *State v. Snyder,* 748 S.W.2d 781, 783–784 (Mo.App.1988); *State v. King,* 557 S.W.2d 51, 53 (Mo.App.1977). "Better described as the 'original writing rule,' the rule is limited to writings, recordings, and photographs." Graham, *Evidence and Trial Advocacy: The Original Writing (Best Evidence) Rule,* 26 Crim.L.Bull. 432 (1990).[2]

■ An exception to the rule "is that secondary evidence may be admitted in lieu of the original if the original is unavailable provided that the original has not been destroyed, lost or become unavailable through the fault of the proponent and the secondary evidence does not appear to be untrustworthy." *King,* 557 S.W.2d at 53. Before secondary evidence is admitted, it must be shown that "(1) the original is unavailable; (2) for some reason which is *not* the proponent's fault, and (3) the secondary evidence is trustworthy." *Id.* at 54.

■ Gary Sitton, the police officer who questioned appellant during the recording,

---

1. Appellant was charged in a three count information. Count I was tried on October 24, 1988 and appellant sentenced on November 29, 1988. This is the conviction which is the subject of Appeal No. 16059. Appellant entered a plea of guilty to Counts II and III on November 3, 1988, and was sentenced on those counts on November 29, 1988. The appeals here do not pertain

to Counts II or III and this opinion only relates to Count I of the information.

2. *State v. O'Dell,* 649 S.W.2d 504, 507 (Mo.App. 1983) stating that the best evidence rule applies exclusively to documentary evidence did not involve recordings and thus its holding is not inconsistent with the decision here.

had not been asked or subpoenaed to bring the tape to court. After the best evidence objection was made and before the transcript was admitted, his questioning ended, but he was not excused. He then investigated the existence of the tape. After another witness testified, Sitton was again questioned and stated that the tape was locked up in the Joplin Police Department's evidence room. He said the persons who had keys to the room were in Rolla to testify in a trial there. Sitton testified he had not compared the tape with the transcription and had not listened to the tape since it was made. Although he did not testify the transcript was accurate, Sitton said he had reviewed it, before testifying. Who prepared the transcript is not in the record.

The state did not meet its burden by showing any of the three elements set forth above. The tape was not sought through a subpoena duces tecum. Due diligence would require that arrangements be made for it in advance of the day of trial. Moreover, there was no evidence that the purported transcription was accurate. Absent these showings, the transcript should not have been admitted.

To be entitled to a new trial appellant had the burden of proving both error and prejudice in the reception of the transcript. See *State v. Minton*, 782 S.W.2d 134, 136 (Mo.App.1989). The state contends that if the transcript was inadmissible, there was no prejudice to appellant. It contends the statements in the transcript were merely cumulative to Sitton's testimony concerning nonrecorded statements made by the appellant.

Sitton gave the only testimony which connected appellant to the burglary. After he testified and the transcript was admitted into evidence, portions of the transcript were read by the assistant prosecuting attorney. The transcript gave an indicia of reliability to Sitton's testimony. The jurors could have concluded that by the transcript being admitted into evidence, it was an accurate transcription of what was said on the tape. That may have been more important to the jury than what Sitton said he recalled that appellant told him. Obviously, the state thought that it would affect the case, as they diligently strove for its admission. We conclude that it is highly possible that the transcript was prejudicial to appellant. His first point has merit.

The judgment of conviction on Count I of the information (Appeal No. 16059) is reversed and the cause remanded for a new trial. The judgment denying appellant's 29.15 motion (Appeal No. 16823) is vacated as moot, and the appeal therefrom being also moot, is dismissed.

MAUS, P.J., and CROW, J., concur.