**STATE of Missouri, Plaintiff/Respondent,**

**v.**

**Ricky DURHAM, Defendant/Appellant.**

**Ricky DURHAM, Movant/Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**Nos. 57590, 59102.**

Missouri Court of Appeals, Eastern District Division Two.

Nov. 19, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 10, 1992.

Application to Transfer Denied Feb. 25, 1992.

William Edward Taylor, St. Louis, for defendant, appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff, respondent.

GRIMM, Presiding Judge.

In this jury-tried case, defendant appeals his conviction of first degree murder. In addition, he appeals the denial of his post-conviction motion. We affirm.

Defendant raises four points of error. He claims (1) he was subjected to double jeopardy; (2) the trial court erroneously admitted testimony from a prior federal prosecution; (3) the trial court erroneously admitted a photocopy of a threatening letter; and (4) he received ineffective assistance of counsel.

I. Background

Defendant does not question the sufficiency of the evidence. The facts are set forth in *United States v. Durham,* 868 F.2d 1010 (8th Cir.1989) *cert. denied* 493 U.S. 954, 110 S.Ct. 366, 107 L.Ed.2d 352 (1989).

Defendant was tried and convicted in federal court for the May 7, 1987, murder of Kenneth Clark. The federal court had jurisdiction because victim, a United States postal employee, was delivering mail when shot to death. 18 U.S.C.A. § 1114 (1984). The conviction was affirmed on appeal. *Durham,* 868 F.2d 1010.

In addition, defendant was charged with first degree murder of victim in the Circuit Court of St. Louis County. The jury found him guilty and assessed his punishment at life imprisonment without eligibility for probation or parole.

II. Double Jeopardy

In his first point, defendant contends the state murder prosecution violated the double jeopardy clause of the United States and Missouri Constitutions because defendant had previously been tried and convicted in federal court for the same criminal act.

Defendant's point is denied. A defendant may be prosecuted under both federal and state law for the same criminal act. The federal and state government are separate sovereigns, and each sovereign has a separate interest to vindicate. *Bartkus v. Illinois,* 359 U.S. 121, 132, 79 S.Ct. 676, 682, 3 L.Ed.2d 684 (1959); *Heath v. Alabama,* 474 U.S. 82, 88–89, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985); *State v. Ivory,* 578 S.W.2d 62, 63–64 (Mo.App.E.D.1979).

III. Admission of Prior Recorded Testimony

In his second point, defendant claims the "court erred in allowing the [State] to read the former federal trial testimony of George Creighton over the timely objection of appellant's attorney."

Contrary to defendant's present claim, defendant's attorney did not object to the reading of Creighton's testimony. Upon learning that Creighton had a serious medical condition, the assistant circuit attorney advised defendant's counsel of that fact. The transcript reveals the attorneys agreed that Creighton will "be declared unavailable and [the State will] be allowed to read from the transcript from the preceding matter." When a party expressly agrees not to object to evidence when offered, that failure expressly waives any subsequent objection to the evidence's admissibility. *State v. Starr,* 492 S.W.2d 795, 801 (Mo.banc 1973). Point denied.

IV. Admissibility of Letter

In his third point, defendant alleges the trial court erred in admitting a photocopy

of a threatening letter from defendant to victim. Defendant claims the letter was more prejudicial than probative, admission of a copy of the letter violated the best evidence rule, and the letter was not sufficiently authenticated.

The letter arrived at the home of victim's mother approximately a year before victim's death. It was addressed to "K.C."; the victim went by those initials. The letter referred to a $1,500 debt. The letter said for K.C.'s "sake and your mom's please call me and make plans to pay me my money because a warrant is out for your head." The letter was signed "Ricky"; the defendant's name is Ricky Durham.

Victim's sister took the original copy of the letter to the police station. The police kept the original and gave her a photocopy. After victim's murder, the police searched for the original letter, but they were unable to find it. Both the victim's mother and sister identified the photocopy as a copy of the original letter.

A handwriting expert for the State compared the photocopy to handwriting exemplars prepared by defendant. The expert concluded the evidence "strongly indicated" defendant wrote the letter.

The State also produced prior testimony of defendant's nephew. The nephew said that about three weeks before the shooting, he and defendant saw victim on his mail route. Defendant told his nephew "if [victim] don't give me my money I'm gonna kill him."

The letter is clearly relevant. It establishes that defendant had a motive for killing victim—an unpaid drug debt. While motive is not an element of murder, our supreme court has noted it has significant probative value. *State v. Mallett,* 732 S.W.2d 527, 535–36 (Mo.banc 1987).

Further, best evidence concerns do not bar the admission of the copy of the letter. "The best evidence rule does not preclude the introduction of secondary evidence; it merely embodies the law's preference for the best available evidence." *State v. Powell,* 648 S.W.2d 573, 575 (Mo.App.E.D.1983). A proponent of secondary evidence must prove three things: "(1) the original is unavailable, (2) [the unavailability] is not the proponent's fault, and (3) the secondary evidence is trustworthy." *State v. King,* 557 S.W.2d 51, 54 (Mo.App.E.D. 1977).

Missouri courts have interpreted the second requirement—that the unavailability of the original is not the fault of the proponent—to mean the proponent has not acted in bad faith to prevent the introduction of the original. *Id.* Defendant did not allege bad faith on the part of the police, nor did he establish the requisite fault necessary to exclude the copy.

We also find the copy to be trustworthy. The copy offered by the State is a photocopy which the victim's mother and sister both identified as a copy of the original.

Finally, defendant contends that the letter was not adequately authenticated. Authenticity of a writing may be proved by expert comparison of handwriting exemplars as well as circumstantial evidence. *State v. Clark,* 592 S.W.2d 709, 717 (Mo.banc 1979). Here, the State offered both types of evidence. The trial court did not abuse its discretion in admitting the copy of the letter. Point denied.

V. Post-Conviction Relief

In defendant's final point, he charges the trial court erred in denying his 29.15 motion for post-conviction relief, in which he made nine contentions of ineffective assistance of counsel. An underlying hearing was held and the motion court filed findings of fact and conclusions of law supporting its denial of defendant's motion.

Rule 29.15 provides that review of the appellate court is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j). The findings and conclusions are not clearly erroneous. An extended discussion of this issue would have no precedential value. Rule 84.16(b). Point denied.

The judgment of the trial court is affirmed.

SATZ and CRANDALL, JJ., concur.