**STATE of Missouri, Respondent,**

v.

**Reginald R. RHODES, Appellant.**

**No. WD 47332.**

Missouri Court of Appeals,
Western District.

Jan. 25, 1994.

Rosalyn Koch, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent.

Before HANNA, P.J., and LOWENSTEIN and FENNER, JJ.

HANNA, Presiding Judge.

On October 29, 1991, the defendant, Reginald Rhodes, attempted to purchase some groceries and cash a check at the Food Barn grocery store located on Vivion Road. Mr. Rhodes wrote a check drawn on the account of victim William Leonard III for $64.33 to cover the price of the groceries and to receive cash back. Because Mr. Rhodes wrote the check for more than $50.00 over the purchase price of the groceries, the cash register "locked up." This required the cashier to call Holly Benge over from the courtesy booth to approve the check. Ms. Benge testified that she noticed the check was identical to a bad check that was posted in the office.

Food Barn photographs anyone who cashes a check at the store. Because Mr. Rhodes had previously passed a bad check at this Food Barn, his photograph was posted in the time clock area of the store and all Food Barn employees were instructed not to accept his checks.

Ms. Benge testified that because of this picture, she knew that Mr. Rhodes was not the named man on the check that he attempted to pass. When she asked Mr. Rhodes for identification, he claimed his identification was in the car and left the store. He did not return, leaving the groceries and forged check at the check-out counter.

When the police officer arrived at the store, Ms. Benge told the officer that Reginald Rhodes was the person who passed the check in question. She also told the officer Mr. Rhodes date of birth. She was able to relate this information because Mr. Rhodes had previously passed a bad check at Food Barn.

Mr. Rhodes was convicted by a jury of forgery, § 570.090.1(4), RSMo 1986, a class C

felony. The trial court found him to be a prior offender pursuant to § 558.016, RSMo Supp.1991, and sentenced him to a term of seven years imprisonment.

In his first point, the defendant claims that the trial court erred in admitting a copy of the check which he attempted to pass at Food Barn. The defendant argues that the best evidence rule bars the admission of the photocopy.

■ The best evidence rule does not bar the admission of the photocopied check. *State v. Davis*, 825 S.W.2d 948, 950 (Mo.App. 1992). The rule does not preclude the use of secondary evidence, but it "embodies the law's preference for the best available evidence." *State v. Powell*, 648 S.W.2d 573, 575 (Mo.App.1983). The trial court has wide discretion in determining whether to allow the introduction of secondary evidence at trial. Id.

■ In this case, in order for the exhibit to be properly admitted, the state was required to prove: (1) the original check was unavailable; (2) the unavailability was not the state's fault; and (3) the photocopied check was trustworthy. *Davis*, 825 S.W.2d at 951. The state satisfies the second requirement if it can prove that it has "not acted in bad faith to prevent the introduction of the original." Id. The states evidence satisfied all three requirements.

■ Officer Curtis testified that he had photocopied the check and then placed the original check in the property room, but was unable to locate it. The police department made a good faith attempt to locate the original check without success. Finally, Officer Curtis and two Food Barn employees identified the exhibit as a photocopy of the original check. The trial court did not abuse its discretion in admitting the photocopy of the original. Point denied.

In his second point, the defendant claims that the trial court erred in allowing two of the state's witnesses to testify concerning a photograph of defendant placed in the customer service area of Food Barn due to a bad check tendered by defendant years before the incident. The defendant claims that "this testimony proved another crime committed by [defendant] which was not relevant in that the crime did not bear on [defendant's] identity." Specifically, he argues that "[a]lthough the state claimed that this matter explained the identification of [defendant] when he came into the store, the evidence did not show that the photograph or prior bad act was a factor in identification. Therefore, the evidence was not relevant," and the "[a]dmission of this testimony violated [his] right to be tried only for the crime for which he stood trial."

■ In general, evidence of prior crimes is not admissible unless the evidence has a "legitimate tendency to establish defendant's guilt of the crime charged." *State v. Kenley*, 693 S.W.2d 79, 81 (Mo. banc 1985), cert. denied, 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 900 (1986). If the evidence tends to establish intent, motive, absence of mistake or accident, a common scheme or plan, or the identity of the person charged with the commission of the crime, it is admissible when the probative value of the evidence outweighs its prejudice. *State v. Sladek*, 835 S.W.2d 308, 311 (Mo. banc 1992). The trial court is in the best position to evaluate whether the potential prejudice of the evidence outweighs its relevance. *Kenley*, 693 S.W.2d at 81. The trial court did not err in admitting this evidence for the following reasons.

■ First, the identity of the person who passed the check was at issue. The defendant raised the issue of identification on cross examination. "It is hornbook law that proof of the commission of other offenses is competent to prove the specific crime charged if it tends to prove the identity of the person charged with the commission of that crime." *State v. Bellew*, 612 S.W.2d 401, 402 (Mo.App.1981). Therefore, it was not error for the trial court to allow testimony concerning the prior crime because it was relevant to the issue of identification. *State v. Welth*, 741 S.W.2d 69, 70 (Mo.App.1987).

Second, contrary to the defendant's assertion, the evidence did show that the photograph and the prior bad check that he passed made the identification possible. Specifically, they enabled Ms. Benge to inform the police that it was Mr. Rhodes who passed the

bad check. It also enabled her to inform the police of his date of birth. Therefore, the evidence was relevant to establish the identification of defendant and the trial court did not abuse its discretion in allowing this testimony into evidence. *State v. Ford,* 677 S.W.2d 352, 355 (Mo.App.1984). Point denied.

Judgment affirmed.

All concur.